**STATE OF LOUISIANA IN**　　**\***　　NO. 2025-CA-0806
**THE INTEREST OF N.T.**

　　　　　　　　　　　　　　　　**\***

　　　　　　　　　　　　　　　　　　　　**COURT OF APPEAL**

　　　　　　　　　　　　　　　　**\***

　　　　　　　　　　　　　　　　　　　　**FOURTH CIRCUIT**

　　　　　　　　　　　　　　　　**\***

　　　　　　　　　　　　　　　　　　　　**STATE OF LOUISIANA**

　　　　　　　　　　**\* \* \* \* \* \* \***


APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2025-082-09-DQ, SECTION "F"
Honorable Ranord J Darensburg,
**\* \* \* \* \* \***
**Judge Sandra Cabrina Jenkins**
**\* \* \* \* \* \***
(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge
Paula A. Brown)


Jason R. Williams
District Attorney, Parish of Orleans
Brad Scott
Assistant District Attorney
619 South White Street
New Orleans, LA 70119

　　　　COUNSEL FOR APPELLANT

Krishant Dania
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue
Suite 700
New Orleans, LA 70119

Radha Yerramilli
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

　　　　COUNSEL FOR APPELLEE

　　　　　　　　　　　　　　　**APPEAL DISMISSED**
　　　　　　　　　　　　　　　FEBRUARY 10, 2026

SCJ
DLD
PABThis matter arises out of a juvenile disposition.  Appellant, State of

Louisiana, filed an appeal seeking review of the juvenile court's judgment which

ordered a deferred disposition of Appellee, N.T.[1], pursuant to La. Ch.C. art. 896.

For the reasons that follow, the State's appeal is dismissed as moot.


## FACTUAL AND PROCEDURAL HISTORY

On September 18, 2025, N.T. admitted to five counts of theft of a motor

vehicle (La. R.S. 14:67.26); one count of attempted theft of a motor vehicle (La.

R.S. 14:(27)67.26)); and two counts of simple burglary (La. R.S. 14:62).  Based on

the admissions, the juvenile court adjudicated N.T. as delinquent.   The juvenile

court initially ordered a disposition of sixteen months and one week of probation.

However, the court reconsidered the disposition and entered a deferred disposition.

The deferred disposition referred N.T. to actively participate in the court's Teen

---

[1] To maintain the confidentiality of the juvenile court proceedings as required by La. Ch.C. articles 407 and 412, we shall reference the juvenile herein by his initials.

1

Program; ordered N.T. to report to his assigned Teen Court manager; and released N.T. into the custody and control of his mother.

In response to the deferred disposition, the State filed a Motion to Correct Illegal Deferred Disposition. At the hearing on the motion, the State relied on La. Ch.C. art. 896(H), which provides that "[n]otwithstanding any provision of law to the contrary, a child shall not be eligible for a deferred dispositional agreement as provided in this Article if the child has been convicted of a crime of violence as defined in R.S. 14.2(B). Therefore, the State claimed N.T.'s deferred disposition was illegal because N.T. had previously been adjudicated for two crimes of violence. The juvenile court denied the State's motion and the State filed the present appeal.

The State's appeal was lodged with this Court on December 5, 2025. On February 2, 2026, the State filed a motion to dismiss its appeal as moot.

## DISCUSSION

In support of the motion to dismiss, the State attached a January 27, 2026 written disposition from the juvenile court which revoked N.T.'s September 18, 2025 deferred disposition. The disposition ordered the following:

> **IT IS ORDERED, ADJUDGED, AND DECREED that:** Based on the juvenile's new arrest on December 9, 2026, under Art. 896 Disposition, the Court finds that said disposition is hereby **DISMISSED.**
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:** the juvenile [**N.T.**], will be sentenced for a period of **SIX (6) MONTHS DETENTION** on all charges listed in the petition and is to receive credit-for-time served noting that the juvenile has already served the time of six (6) months.

2

As expounded in *Ass'n of Cemetery Tour Guides & Companies L3C v. New Orleans Archdiocesan Cemeteries*, 2024-0044, p. 18 (La. App 4 Cir. 9/4/24), 401 So.3d 797, 808, "[t]he jurisprudence of this Court is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies," quoting *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So. 2d 1186, 1193. Here, the juvenile court's dismissal of the deferred disposition sentence renders the controversy on appeal—the legality of the disposition—as moot. Accordingly, this Court must dismiss the appeal.

## DECREE

Based on the foregoing reasons, we grant the State's motion to dismiss and the appeal of this matter is hereby dismissed as moot.

**APPEAL DISMISSED**